THE STATE, EX REL. JAMES H. WHITENACK ET AL., v. THE TOWNSHIP COMMITTEE OF BERNARDS TOWNSHIP, IN THE COUNTY OF SOMERSET.

1. The township committee being directed, peremptorily, by the statute, to cause to be assessed and collected, the moneys to pay damages assessed to land-owners in laying out a public road, a *mandamus* will issue to enforce the execution of the duty, but, no authority being conferred upon them to assess and collect funds to pay for opening, clearing out, making and repairing highways, without submitting to town meeting what moneys shall be raised for that purpose, a *mandamus* will not be awarded in the latter case.

2. The committee will not be required to appropriate to the opening of a new road, the moneys voted expressly for reparation of the old highways.

3. It is the duty of the overseer of the highways to make, open, clear out and work the roads, and if he fails to do so, he may be indicted or sued for penalties, and he is also within reach of the mandatory writ of this court.

---

On rule to show cause why *mandamus* should not issue to the township committee, directing them—

1. To cause the damages awarded for laying out a public road to be duly assessed, collected and paid.

2. Directing said committee to assign said public road to an overseer of the highways.

3. Directing said committee to appropriate to the opening and construction of said road, so much of the road moneys assessed and collected in said township as may be necessary for that purpose.

Argued at June Term, 1876, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the relators, *Gaston & Bergen.*

For the defendants, *Bartine & Davis.*

The opinion of the court was delivered by

VAN SYCKEL, J.   It is admitted, by counsel of the respective parties, that the land damages have been duly assessed and paid, and that since the application for the rule to show cause, the road has been duly assigned to an overseer of the highways, and designated as District No. 47.

At the annual town meeting, held in 1874, after the road was laid out, the inhabitants of the township voted to raise the usual amount for the repairs of the highways, and at a special town meeting, held shortly afterwards, they refused to vote any money for the purpose of opening, making and working this road.   This determination was adhered to at the town meeting in 1875.

The money raised for repairing highways was not in excess of the sum usually voted, and, being barely sufficient for that purpose, was duly apportioned to the different road districts of the township, to keep the highways in repair.

The only question to be considered is, whether *mandamus* to the township committee is the appropriate remedy for the relators.

In *Miller* v. *Bridgewater,* 4 *Zab.* 54, this court held that, inasmuch as the town committee, by Section 3 of the act of 1850, (*Nix. Dig.* 834), are not required to submit the ques-

tion to the annual town meeting, whether the damages to land-owners shall be raised or not, but are directed, peremptorily, to cause the same to be assessed and collected, they might, and ought to have had the amount included in the assessment of the previous year, and therefore a *mandamus* was directed to them, to compel the execution of that duty.

By Section 22 of the road act, (*Nix. Dig.* 827), it is enjoined upon the inhabitants of the township that they be careful to have money in hand, ready to advance, sufficient for the objects and purposes in that act specified, but no authority is conferred upon the town committee to assess and collect funds to pay for the opening, clearing out, making and repairing the highways, without submitting to the town meeting what moneys shall be raised for that purpose.

The inhabitants, at their town meeting, having, in this case, refused to order money to be raised for the purpose of opening the road in question, and no funds being placed at their disposal, which can properly be appropriated to this work, it does not appear that the township committee have failed to perform any duty imposed upon them by law, and they have not, therefore, subjected themselves to the operation of the mandatory writ sued for.

It might be productive of much inconvenience to the public, to divert from the necessary reparation of their old highways the sums expressly devoted to that purpose.

The twenty-first section of the road act (*Nix. Dig.* 827), makes it the duty of the overseer to hire laborers, horses, wagons and other implements, to open, clear out, make, work, amend and repair the highways, and to procure whatever materials he may deem necessary to that end. If he fails to discharge this duty, the township may be indicted, in which event, by virtue of the twenty-fourth section of the road act, the overseer within whose limits the neglect shall occur, may be compelled to refund to the township the fine imposed, or such overseer may, in the first instance, be indicted, instead of the township.

In order to enable the overseer to execute the duty which is made so exigent by this stringent provision of the statute, he is vested with power, in case the township fails to supply him with the necessary resources, to call out the inhabitants within his district, to perform the requisite labor. *Nix. Dig.* 830, §§ 38, 42; *Morgan* v. *Monmouth Plank Road Co.*, 2 *Dutcher* 99.

The means for the discharge of these duties enjoined by statute, being placed at the disposal of the overseer, he is subject for any neglect, not only to suit for penalties, and to indictment, but, as these remedies are not specific, and might be exhausted without attaining the desired end, it is within the power of this court to direct a *mandamus* to the overseer. *State* v. *Holliday*, 3 *Halst.* 205.

The application, in this case, being to direct the *mandamus* to the township committee, must be denied, without costs.